06-CV-00149-CMP

```
___ FILED        ___ ENTERED
___ LODGED       ___ RECEIVED
```

JAN 3 0 2006    DB

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

# ORIGINAL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WAYNE SEMINOFF, a single man,

Plaintiff,

vs.

SUNG HONG, a/k/a LAWRENCE HONG, and
YOUNG HONG, a married couple, HYO
HONG, a single woman, and H & H GROUP,
INC., a Washington corporation,

Defendants.

No. CV06-0149 RSM

COMPLAINT

Plaintiff Wayne Seminoff ("Seminoff"), by and through counsel, respectfully submits this Complaint against defendants Sung Hong, a/k/a Lawrence Hong ("Hong") and Young Hong, a married couple, HYO HONG, believed to be a single woman, and H & H Group, Inc., a Washington corporation (collectively "Defendants"). In support thereof, Seminoff alleges as follows:

1.    In the second half of 2005, Hong and H & H Group undertook a plan and scheme designed to defraud Seminoff out of substantial amounts of money. The essence of the scheme was inducing Seminoff to transfer substantial funds to Hong through false representations and

COMPLAINT -- 1

No.
m33571-680596.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

#4/13653 Sum/issued

1 | promises, and, ultimately, threats of physical violence against Seminoff and members of his
2 | family.

3 | ## I. PARTIES

4 |     2.    Plaintiff Seminoff is a single man residing in Kirkland, Washington.

5 |     3.    Defendants Sung Hong, a/k/a Lawrence Hong, and Young Hong, are a married
6 | couple residing in Kirkland, Washington.  On information and belief, Young Hong is a citizen of
7 | the Republic of (South) Korea.

8 |     4.    Defendant Hyo Hong is Lawrence Hong's mother, who resides with Hong in
9 | Kirkland.

10 |     5.    Defendant H & H Group is a corporation organized under the laws of Washington
11 | with its principal place of business in Kirkland, Washington.

12 |     6.    Lawrence Hong and Hyo Hong are the owners of H & H Group.  Lawrence Hong
13 | is an officer and/or managing agent of H & H Group.

14 | ## II. JURISDICTION AND VENUE

15 |     7.    The Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331
16 | and 7 U.S.C. § 25.

17 |     8.    This Court has personal jurisdiction over the Defendants because they reside in
18 | and conduct business in Washington.

19 |     9.    Venue is proper in this Court pursuant to 15 U.S.C. § 78aa and 7 U.S.C. § 25.
20 | Venue is also proper pursuant to 28 U.S.C. § 1391(b) because the asserted claims arose within
21 | this district and because the Defendants, or their agents, engaged in business and/or unlawful
22 | conduct in this state.

23 | ## III. FACTS

24 |     10.    Seminoff is a retired single man who lives alone in Kirkland.  He formerly owned
25 | his own business, the Wayne Seminoff Co., but sold his interest in that business in 2005.

26

COMPLAINT -- 2

No.
m33571-680596.doc

11.     Throughout the period in question, specifically the latter half of 2005, Seminoff was in poor physical health.  Among other things, Seminoff had two major heart attacks and four surgeries.

12.     Defendant Hong lives in a waterfront home, also in Kirkland, close to Seminoff, with his wife and mother.

13.     Hong befriended Seminoff in the summer of 2005.  Hong told Seminoff that he was an experienced investor in stocks, bonds, and commodities futures.

14.     In August 2005, Hong convinced Seminoff to transfer $50,000 to Hong, ostensibly for use as part of an investment fund to be managed by Hong.  Seminoff's contribution was to be matched by an equal contribution by Hong, and profits would be split equally between the two investors.

15.     Hong promised Seminoff, in writing, to make only secure investments that would limit losses in the fund to 10% of the original amounts invested.  Hong also promised to liquidate Seminoff's share and return his money upon demand.

16.     On or about August 8, 2005, Seminoff gave Hong a check for $50,000, written payable to H & H Group.

17.     Almost immediately after this original investment, Hong began to ask Seminoff for more money.  Hong, who is of Korean ancestry, asserted that he had personal connections to the Finance Minister of the Republic of (South) Korea and that, as a result, he had access to secret information regarding the trading strategies of large international investors, including entities owned or controlled by the international financier George Soros.  By mirroring the trading practices of these investors, and through his relationship to the Korean Finance Minister, Hong promised Seminoff that he would be able to make virtually risk free investments with Seminoff's money.

COMPLAINT -- 3

**GRAHAM & DUNN** pc
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 621 8300/Fax: (206) 340-9599

No.
m33571-680596.doc

18.     In order to take advantage of these trading opportunities, Hong asked Seminoff to transfer even greater sums to the investment fund. Hong promised that the investment account would be held in the name of all three investors in his fund, which at the time included Hong, Seminoff, and Seminoff's daughter, Lisa Seminoff. (Ms. Seminoff was subsequently removed from the investment.) Hong indicated that the investment fund's account was held at Penson Financial Securities in Texas ("Penson account"). As before, Hong was to manage the fund and split the profits equally with Seminoff.

19.     Hong also promised, again in writing, that Seminoff's money would be returned immediately upon demand if Seminoff decided to withdraw from the fund.

20.     Through these representations and promises, Hong convinced Seminoff to make an even larger transfer to the investment fund. On or about September 9, 2005, Seminoff gave Hong another $250,000, bringing his overall investment to $300,000. Seminoff raised this money by arranging for a line of credit on the equity in his condominium.

21.     As a result of his payments to Hong, Seminoff was completely out of cash, and he began to ask for the return of some of his funds to use for living expenses.

22.     Hong refused to return Seminoff's money. Instead, he explained that it was now impossible to get the money back. He asserted to Seminoff that the money was not merely being used to take advantage of Hong's secret trading information, but had actually been invested in connection with a powerful international crime syndicate. Hong claimed that this association with the crime syndicate offered great potential rewards to Hong and Seminoff, but also limited their ability to get the money back.

23.     Specifically, Hong stated that if he returned any of Seminoff's money without approval, the crime syndicate would kill Hong and Seminoff, as well as their respective families. Hong repeated these threats more than once. In relating these threats, Hong specifically mentioned Seminoff's daughter, Lisa, by name as an intended victim.

COMPLAINT -- 4

GRAHAM & DUNN pc
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

No.
m33571-680596.doc

24.     These threats caused great fear and concern in Seminoff, and he believed that he and his daughter were in danger. He therefore accepted Hong's explanations that the money could not be returned.

25.     Soon after, Hong stated to Seminoff that the international crime syndicate was now demanding that additional money be deposited in the fund. If the deposits were not made, Hong and Seminoff, and their respective families, would be killed. As before, Hong mentioned Lisa Seminoff as a potential victim by name.

26.     Seminoff resisted Hong's requests for additional funds, since he was out of money. Hong repeated the threats, however, until Seminoff, out of fear for his daughter's life and his own life, gave Hong another $500,000 at or about the beginning of October 2005. Seminoff borrowed the money to make this payment.

27.     Thus, by or about October 20005, Seminoff had given Hong $800,000. The only funds that Seminoff has received in return from Hong was a single check for $5,988, written from the account of H & H Group, Inc., on or about October 10, 2005, and a check for $10,000, written from the account of the H & H Group, Inc., on or about January 15, 2006.

27.     In addition to the written investment agreements described above, Hong has executed promissory notes reflecting the money owed to Seminoff. The latest of these is a promissory note for $800,000. Each of the notes provides that both principal and interest on the notes are payable upon demand.

28.     In January 2006, Seminoff discovered that, notwithstanding Hong's assertions about the dire consequences of taking money out of the Penson account, Hong was in fact disbursing money out of the account to himself. At this point, Seminoff realized that Hong had been deceiving him.

29.     Contrary to Hong's promises, Seminoff's name is not on the Penson account. That account is held only in the name of H & H Group.

COMPLAINT -- 5

No.
m33571-680596.doc

**GRAHAM & DUNN** pc
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

30.     To the present, Hong continues to demand more money from Seminoff and to threaten Seminoff and his family if more funds are not received. Hong made such threats as recently as the week of January 16, 2006.

31.     Seminoff has substantial reason to believe that Hong is rapidly dissipating the funds in the Penson account. Hong is withdrawing funds from the Penson account every few days in multi-thousand dollar amounts. If action is not taken to restrain Hong, these funds may very well be gone or substantially reduced by the time Seminoff is able to recover a judgment.

32.     Hong has told Seminoff that, if he runs into legal trouble, Hong can and will remove his assets to Korea in 15 minutes and be on a plane to Korea in two hours.

## IV.  FIRST CAUSE OF ACTION (SECURITIES FRAUD)

33.     Plaintiff Seminoff incorporates herein and realleges the allegations set forth in paragraphs 1-32 above.

34.     The investment contract entered into by Seminoff was a security.

35.     In addition, and alternatively, the transactions at issue occurred in connection with a security because they pertained to an investment fund that traded in securities and/or because they pertained to promissory notes given by Hong to reflect the money owed to Seminoff.

36.     As set forth above, Defendants directly and indirectly made false statements and failed to disclose material facts, including:

      a.     the representation that Hong has special connections to the Korean Finance Minister that gives him access to valuable information that permits risk free trading;

      b.     the fact that Seminoff's name was not on the Penson account;

      c.     the representation that money could not be withdrawn from the Penson account;

      d.     the representation that Seminoff and/or members of his family would be killed if his funds were withdrawn from the Penson account;

COMPLAINT -- 6

No.
m33571-680596.doc

GRAHAM & DUNN PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

1             e.      the representation that Seminoff and/or members of his family would be

2    killed if Seminoff did not give additional money to Hong;

3             f.      the several representations that Seminoff would be permitted to liquidate

4    his interest in Hong's investment fund and obtain the return of his money.

5          37.     Defendants made these representations with the intent to deceive Seminoff and for

6    the purpose of inducing him to make additional payments to Hong.  Defendants intended that

7    Seminoff rely upon their statements and omissions.

8          38.     At the relevant times, Seminoff was ignorant of the false and misleading character

9    of Defendants' representations.  He relied, to his detriment, upon these representations when he

10   agreed to give money to Hong.

11         39.     Defendants' conduct thus constitutes the purchase and/or sale of securities by

12   false representations and omissions and devices, schemes and artifices to defraud in violation of

13   the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.

14         40.     As a result, Seminoff has suffered substantial damages in an amount to be proved

15   at trial.

16   ### V. SECOND CAUSE OF ACTION (COMMODITIES FRAUD)

17         41.     Plaintiff Seminoff incorporates herein and realleges the allegations set forth in

18   paragraphs 1-40 above.

19         42.     The transactions at issue occurred in connection with commodities futures

20   because they pertained to an investment fund that traded in commodities futures.

21         43.     As set forth above, Defendants directly and indirectly made false statements and

22   failed to disclose material facts, including:

23            a.      the representation that Hong has special connections to the Korean

24   Finance Minister that gives him access to valuable information that permits risk free trading;

25            b.      the fact that Seminoff's name was not on the Penson account;

26   COMPLAINT -- 7

No.
m33571-680596.doc

1             c.     the representation that money could not be withdrawn from the Penson
2 account;

3             d.     the representation that Seminoff and/or members of his family would be
4 killed if his funds were withdrawn from the Penson account;

5             e.     the representation that Seminoff and/or members of his family would be
6 killed if Seminoff did not give additional money to Hong;

7             f.     the several representations that Seminoff would be permitted to liquidate
8 his interest in Hong's investment fund and obtain the return of his money.

9    **44.**    Defendants made these representations with the intent to deceive Seminoff and for
10 the purpose of inducing him to make additional payments to Hong.  Defendants intended that
11 Seminoff rely upon their statements and omissions.

12    **45.**    At the relevant times, Seminoff was ignorant of the false and misleading character
13 of Defendants' representations.  He relied, to his detriment, upon these representations when he
14 agreed to give money to Hong.

15    **46.**    Defendants' conduct thus constitutes the purchase and/or sale of commodities
16 futures in violation of the federal commodities fraud laws, 7 U.S.C. § 1, et seq.

17    **47.**    As a result, Seminoff has suffered substantial damages in an amount to be proved
18 at trial.

19    **VI. THIRD CAUSE OF ACTION (WASHINGTON STATE SECURITIES ACT)**

20    **48.**    Plaintiff Seminoff incorporates herein and realleges the allegations set forth in
21 paragraphs 1-47 above.

22    **49.**    Those actions constitute a violation of the Washington State Securities Act, RCW
23 21.20, et seq., and, in particular, RCW 21.20.010 and RCW 21.20.020.

24    **50.**    Seminoff hereby tenders the return of his interest, if any, in the investment funds
25 created by Hong.

26

COMPLAINT -- 8

No.
m33571-680596.doc

**GRAHAM & DUNN** pc
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

51.     Pursuant to RCW 21.20.430, Seminoff is entitled to the return of the purchase price of $800,000, plus interest and attorneys' fees.

### VII.  FOURTH CAUSE OF ACTION (UNJUST ENRICHMENT)

52.     Plaintiff Seminoff incorporates herein and realleges the allegations set forth in paragraphs 1-51 above.

53.     Seminoff conferred benefits upon Defendants in the form of cash transfers of $800,000.

54.     Defendants were aware of and appreciated these benefits.

55.     It would be inequitable for Defendants to retain the benefits obtained from Seminoff.

56.     As remedies for this unjust enrichment, Seminoff seeks preliminary and permanent injunctive relief, an accounting, the imposition of a constructive trust on the assets received, and damages in an amount to be determined at trial.

### VIII.  FIFTH CAUSE OF ACTION (CONSTRUCTIVE TRUST)

57.     Plaintiff Seminoff incorporates herein and realleges the allegations set forth in paragraphs 1-56 above.

58.     As a result of Defendants' false promises, misrepresentations, and threats, title to Seminoff's assets were placed in the hands of Defendants.  Under the circumstances, it would be inequitable for Defendants to enjoy the beneficial interest in those assets.

59.     Seminoff requests the imposition of a constructive trust on the assets taken from him by Defendants, as well as an accounting of their use and return of the profits, if any.

### IX.  SIXTH CAUSE OF ACTION (BREACH OF CONTRACT)

60.     Plaintiff Seminoff incorporates herein and realleges the allegations set forth in paragraphs 1-59 above.

61.     Defendants breached their contracts with Seminoff in at least the following ways:

COMPLAINT -- 9

No.
m33571-680596.doc

GRAHAM & DUNN PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

a.    failing to return Seminoff's money upon demand;

b.    failing to put Seminoff's name on the Penson account; and,

c.    failing to preserve Seminoff's funds in a reasonable and prudent manner.

62.    As a result, Seminoff has suffered substantial damages in an amount to be proved at trial.

## X. SEVENTH CAUSE OF ACTION (COMMON LAW FRAUD)

63.    Plaintiff Seminoff incorporates herein and realleges the allegations set forth in paragraphs 1-62 above.

64.    Defendants made the representations of existing fact described and failed to disclose the material facts described above. These representations were material and false. Defendants made these representations and omissions with the knowledge, expectation, and intent that Seminoff would rely upon them.

65.    Defendants knew that these representations were false or knew that they were ignorant of their truth or falsity.

66.    Seminoff did not know that these representations were false. Seminoff reasonably could rely, and did in fact rely, on those representations in entering into these transactions and in transferring $800,000 to Hong.

67.    As a result of this fraud, Seminoff was injured in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For preliminary and permanent injunctive relief prohibiting Defendants from further threats against Seminoff;

2.    For preliminary and permanent injunctive relief prohibiting Defendants from making any further trades in or distributions from the Penson account;

COMPLAINT -- 10

No.
m33571-680596.doc

GRAHAM & DUNN pc
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

3.      For preliminary and permanent injunctive relief freezing all of Hong's and H & H Group's bank accounts, including, but not limited to the Penson account, including, as necessary and appropriate, prejudgment writs of attachment and garnishment;

4.      For damages in an amount to be proven at trial.

5.      For Plaintiff's costs in this action.

6.      For Plaintiff's reasonable attorneys' fees incurred herein; and,

7.      For such other relief as the Court may deem just.

DATED this 30ᵗʰ day of January, 2006.

GRAHAM & DUNN PC

By _____
Mark D. Northrup, WSBA# 16947
David C. Lundsgaard, WSBA# 25448

Attorneys for Plaintiff Wayne Seminoff

COMPLAINT -- 11

No.
m33571-680596.doc

**GRAHAM & DUNN** ᴾᶜ
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599