UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WAYNE SEMINOFF,<br><br>               Plaintiff,<br><br>      v.<br><br>SUNG HONG, a/k/a LAWRENCE HONG, and YOUNG HONG, a married couple; HYO HONG, a single woman; and H & H GROUP, INC., a Washington corporation,<br><br>               Defendants. | CASE NO. C06-149RSM<br><br>ORDER |

This matter is before the Court for consideration of plaintiff's renewed motion for entry of judgment of default. Dkt. # 43. The Court previously declined to enter judgment of default in the amount sought by plaintiff, as he had submitted no supporting documentation. The Court directed plaintiff, pursuant to F.R.Civ.Proc. 55 (b)(2)(B) (as amended December 1, 2007) to submit a sworn declaration and supporting documentation for his request for damages. Dkt. # 42. Plaintiff was also directed to attempt service of his application for default judgment and the supporting documentation upon defendants at their last known address. *Id*.

Having considered the renewed motion for default judgment, defendant Hyo Hong's response, and the balance of the file, together with the record of the criminal proceedings against defendant Sung (Lawrence) Hong, the Court now finds and ORDERS:

(1) Although plaintiff asserts in his motion for default judgment that "none of the defendants have

ORDER DENYING MOTION FOR DEFAULT
JUDGMENT - 1

appeared in this case," that is not correct. The defendants originally appeared through counsel, and filed an answer. Dkt. ## 10, 18, 21. Counsel for all parties subsequently withdrew, and the defendants failed to either obtain new counsel or enter notices of appearance *pro se*. When no activity occurred in the case for six months, and no Joint Status Report was filed as previously directed, the Court ordered plaintiff to show cause why the action should not be dismissed for failure to prosecute. Dkt. # 36. Plaintiff then moved for entry of default on the basis that defendants had failed to appear *pro se*, and the default was properly entered by the Clerk of Court on the basis of the record at that time. Dkt. ## 37, 38.

(2) When plaintiff subsequently moved for default judgment in the amount of $1,156,800.00, the Court declined to enter judgment, finding that plaintiff had failed to establish, through supporting documentation, that he was entitled to that amount. Dkt. # 42. As noted above, plaintiff was directed to file a sworn declaration and supporting documentation for his request for damages, and to attempt service of the application for default judgment on defendants at their last known address. *Id*. It appears that plaintiff has not complied with this Order.

(3) In his renewed application for entry of judgment of default, plaintiff reduced his demand for judgment to $784,012, the amount that was mentioned in the Court's previous Order as established in the original filing papers. *See*, Order, Dkt. # 42. Instead of attaching a sworn declaration to prove the actual amount of his loss, plaintiff simply stated that he "wish[ed] to use the proposed amount of $784,012.00 as the judgment amount in this case, being the amount calculated by the court in it's [sic] order dated January 7, 2008." Declaration of Wayne Seminoff, Dkt. # 44. This declaration does not meet the standards set by the Court for supporting documentation.

(4) Plaintiff served a copy of his renewed application for entry of default judgment on all defendants at one address on Lake Washington Boulevard in Kirkland, Washington.[1] Dkt. # 43. There is

---

[1] The address at which plaintiff attempted to serve defendants is a waterfront residence described in the original complaint as next door to plaintiff's own home. Dkt. # 3, ¶ 4. The residence became the centerpiece of a settlement agreement which plaintiff and defendants attempted to reach in this matter. According to the settlement, Mr. Hong was to quitclaim the residence to his mother Hyo Hong, who would then re-finance the home to secure cash to pay the settlement. This settlement was not completed, and the status of the home is unclear. Hyo Hong, in appearing in this action, states that she now resides

ORDER DENYING MOTION FOR DEFAULT
JUDGMENT - 2

no indication that plaintiff attempted to serve defendant Lawrence Hong at his place of incarceration or through his criminal defense counsel, although plaintiff was well aware of the criminal proceedings against Mr. Hong, as they arose from the same transactions that are the basis for this civil suit.

(5) In response to the renewed motion for entry of default, defendant Hyo Hong appeared through counsel. Dkt. # 46. She states that she speaks little English, that she had no involvement with her son's transactions that are at issue in this case, and that she had not previously received any notice of the default. She also states that she lives at a different address than the Lake Washington Boulevard address, and that she had been informed by her son's defense attorney that plaintiff was aware of the new address. *Id*.

(5) On April 6, 2007, defendant Sung (Lawrence) Hong entered a plea of guilty to one count of wire fraud, based upon the transactions that are at issue in this lawsuit. *United States v. Sung Hong*, CR07-33JLR, Dkt. # 17. The plea document contains an agreement by Mr. Hong to make restitution to plaintiff in the amount of $655,834. *Id*. On January 14, 2008, judgement was entered in the criminal case, sentencing Mr. Hong to a term of thirty-three months of incarceration, and ordering restitution to be paid to plaintiff in the amount of $655,834.00. *Id.,* Dkt. # 21. Restitution was due immediately, with a payment schedule during and following Mr. Hong's incarceration for any unpaid balance. *Id*.

(6) Although this restitution order was entered in the criminal case prior to the filing of plaintiff's renewed motion for default judgment, plaintiff did not mention it until he filed his reply to Hyo Hong's response. In that reply, plaintiff reduced his demand for judgment to $655,834, stating that this amount is "an accurate representation of the net hard cash loss experience[d] by plaintiff." Dkt. # 47.

(7) In light of the above facts, the Court declines to enter a default judgment. Plaintiff has neither satisfied the Court that he properly served all defendants, nor submitted a sworn declaration and supporting documentation as required. He has failed to establish that he is entitled to anything more than the amount of the restitution which has been ordered in the criminal case, and has failed to acknowledge any amounts that have actually been paid to this point. The motion for entry of default judgment is

---

elsewhere.

ORDER DENYING MOTION FOR DEFAULT
JUDGMENT - 3

accordingly DENIED.

(8) The Court finds that plaintiff still has not complied with the November 1, 2006 Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement, nor with the November 14, 2007 Order to Show Cause. Dkt. ## 24, 36. The Court hereby ORDERS that the Joint Status Report shall be filed on or before March 14, 2008. The parties shall consult the previous Order for instructions for the form and content of the Joint Status Report. The Court directs plaintiff's attention to Section III, wherein it states, "Plaintiff's counsel (or plaintiff, if *pro se*) will be responsible for starting the communications needed to comply with this Order."

DATED this 11 Day of February 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 4