1

The Honorable Ricardo S. Martinez

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

WAYNE SEMINOFF,

NO. CV-06-00149-RSM

9

Plaintiff,

YOUNG RAN KIM'S, F/K/A YOUNG
HONG, MOTION FOR RELIEF FROM
JUDGMENT

10

v.

11

SUNG HONG, a/k/a LAWRENCE HONG, and
YOUNG HONG, a married couple, HYO
HONG, a single woman, and H & H GROUP,
INC., a Washington corporation,

NOTE ON MOTION CALENDAR:

12

FEBRUARY 11, 2011

13

Defendants.

14

15

## I.  RELIEF REQUESTED

16

Defendant Young Ran Kim, formerly known as Young Hong, moves the Court

17

pursuant to Rule 60(a) and or 60(b) for an Order granting relief from this Court's June 23, 2009

18

Judgment in favor of plaintiff.  Ms. Kim requests relief because the judgment debtor apparently

19

was not limited to Defendant Sung Hong, a/k/a Lawrence Hong, as it should have been.

20

## II.  FACTS

21

A.     Procedural History

22

Plaintiff filed suit against all defendants seeking restitution after defendants allegedly

23

engaged in a scheme to defraud plaintiff.  Dkt. # 1.  On April 6, 2007, defendant Sung

24

(Lawrence) Hong entered a plea of guilty to one count of wire fraud in a corresponding

25

criminal suit.  *United States v. Sung Hong*, CR07-33JLR, Dkt. # 17.  As part of the plea,

YOUNG RAN KIM'S, F/K/A YOUNG HONG, MOTION FOR
RELIEF FROM JUDGMENT - 1
(CV-06-00149-RSM)

3046429.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1  Mr. Hong agreed to make restitution to plaintiff in the amount of $655,834.  *Id.*  On

2  January 14, 2008, the court entered judgment against Mr. Hong in the criminal case and

3  ordered him to pay restitution to plaintiff in the amount of $655,834.00.  *Id.*, Dkt. # 21.  The

4  court ordered restitution due immediately.  *Id.*

5          The defendants in this civil action originally appeared through counsel and filed an

6  answer.  Dkt. ## 10, 18,21.  Counsel for defendants subsequently withdrew.  Dkt. # 22.

7  Although defendants thereafter failed to enter notices of appearance pro se or otherwise appear

8  to defend against this action, the Court denied Plaintiff's request for entry of judgment of

9  default because he failed to submit supporting documentation including proof that he had

10  served defendants at their last known address.  Dkt. # 42.

11          Plaintiff renewed his motion for entry of default on January 18, 2008.  Dkt. # 43.

12  Defendant Hyo Hong appeared through counsel and opposed the motion.  Dkt. # 46.  Neither

13  Ms. Kim or defendant Sung (Lawrence) Hong appeared to oppose the motion.  This Court

14  again denied plaintiff's request to enter a default judgment:

15          Plaintiff has neither satisfied the Court that he properly served all defendants,
           nor submitted a sworn declaration and supporting documentation as required.
16          He has failed to establish that he is entitled to anything more than the amount of
           the restitution which has been ordered in the criminal case, and has failed to
17          acknowledge any amounts that have actually been paid to this point. The motion
           for entry of default judgment is accordingly DENIED.
18
   Dkt. # 48.
19
20          More than a year then lapsed until the next substantive action was taken when

21  Defendant Hyo Hong filed for summary judgment on February 25, 2009.  Dkt. # 56.  Plaintiff

22  and Defendant Hyo Hong ultimately reached an agreement and the Court entered an Order

23  granting their stipulated motion for dismissal with prejudice against Defendant Hyo Hong.

24  Dkt. # 61.

25

YOUNG RAN KIM'S, F/K/A YOUNG HONG, MOTION FOR
RELIEF FROM JUDGMENT - 2
(CV-06-00149-RSM)

3046429.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

After a telephone conference with the Court on June 16, 2009 at which only Plaintiff and Defendant Sung (Lawrence) Hong appeared, and did so *pro se*, the two parties agreed to entry of judgment in the same amount as the previously imposed restitution against Defendant Sung (Lawrence) Hong.  The Minute Entry reflected in the Docket contains the following description, in relevant part:

> The Court will prepare the stipulated judgment and forward to the parties; if there are no objections **by either party** within (5) days of receipt of the proposed judgment, it will be signed and entered by the Court and the case will be dismissed.

Dkt. # 63 (emphasis added).  Receiving no objections, the Court entered judgment on June 23, 2009: "in favor of plaintiff in the amount of $655,834,00, the same amount ordered as restitution in the criminal case, *U.S. v. Hong*."  Dkt. # 65.

B.   <u>Ms. Kim's Divorce from Defendant Sung (Lawrence) Hong</u>

Nearly a year prior to entry of judgment in this matter, on or about September 8, 2008, Defendants Young Ran Kim and Sung (Lawrence) Hong were divorced pursuant to a Decree of Dissolution entered in Snohomish County Superior Court.[1]  In dissolving the marriage, the court apportioned the property and liabilities of Defendants Young Ran Kim and Sung (Lawrence) Hong.  In pertinent part, the defendant and business company known as H&H Group was awarded solely to Sung (Lawrence) Hong, ¶ 3.2, and the liabilities to be paid by him included:

> Any debt incurred by the business known as H&H Group, including but not limited to, any civil legal actions filed or pending against the business, the husband individually or the parties jointly, any taxes owed, any reimbursements due to clients of the business, etc.

> Any financial obligations arising from the pending criminal prosecution of the husband.

*Id.* at ¶ 3.4.

---

[1] Declaration of Mark S. Davidson, Ex. 1.

YOUNG RAN KIM'S, F/K/A YOUNG HONG, MOTION FOR
RELIEF FROM JUDGMENT - 3
(CV-06-00149-RSM)

3046429.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

III.  STATEMENT OF ISSUE

Should Ms. Kim be awarded relief from the judgment apparently but erroneously entered as to all defendants where:

1.    The agreed judgment was only by and between Plaintiff and Sung (Lawrence) Hong

2.    Ms. Kim divorced Defendant Sung (Lawrence) Hong well before entry of judgment and, as recognized by the Decree, the liabilities forming the basis of the judgment properly belong solely to Defendant Sung (Lawrence) Hong

IV.  EVIDENCE RELIED UPON

This motion is based upon the Declaration of Mark S. Davidson and the exhibit thereto, and the records and pleadings on file with the Court.

V.  AUTHORITY

A.    Federal Rule of Civil Procedure 60:  Relief from Judgment

(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.

The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

YOUNG RAN KIM'S, F/K/A YOUNG HONG, MOTION FOR
RELIEF FROM JUDGMENT - 4
(CV-06-00149-RSM)

3046429.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    (6) any other reason that justifies relief.[2]

2    B.    Ms. Kim Should Be Granted Relief From The Judgment under Rule 60(a)

3            Under Rule 60(a), the Court has the power to correct any "clerical mistake or a mistake

4    arising from oversight or omission."  Here, it appears that the Court approved a stipulated

5    judgment agreed upon by Plaintiff and the defendant Sung (Lawrence) Hong.  *See* Dkt. # 63.  It

6    further appears that the Court did so recognizing that the agreement was only between those

7    two parties.  *Id.*  The judgment itself, however, fails to reflect this critical limitation. While

8    awarding judgment in "favor of plaintiff," it does not expressly provide that this judgment is

9    only as to Defendant Sung (Lawrence) Hong.  Dkt. # 65.  There are several indications that this

10   oversight was likely a clerical mistake, oversight or omission.  For instance, the terms of the

11   judgment – in ordering restitution with reference to the criminal proceeding – make clear that it

12   was intended to be entered only as to Defendant Sung (Lawrence) Hong.  Moreover, Defendant

13   Hyo Hong, having previously been dismissed from the action, and Ms. Kim were not parties to

14   the stipulated judgment.

15           For all of these reasons, the Court should grant Ms. Kim relief from judgment pursuant

16   to Rule 60(a) and should correct the judgment to reflect that it was entered only as against

17   Defendant Sung (Lawrence) Hong.

18   C.    Ms. Kim Should Be Granted Relief From The Judgment under Rule 60(b)

19           Rule 60(b)(5) and (6) recognize that equitable principals often justify relief from

20   judgment (granting relief, respectively where "applying it prospectively is no longer equitable"

21   or for "any other reason that justifies relief.").  Here, it is not equitable to apply the judgment

22   against Ms. Kim for the reasons previously stated: (1) the judgment is in the same amount and

23   stems from the same facts for which Defendant Sung (Lawrence) Hong was ordered to pay

24

25

---

[2] Motions for relief pursuant to Fed. R. Civ. P. 60(b)(1)(2) and (3) must be made within one year of judgment. Fed. R. Civ. P. 60(c).  This motion is based on Fed. R. Civ. P. 60(a) and 60(b)(5) and (6).

YOUNG RAN KIM'S, F/K/A YOUNG HONG, MOTION FOR
RELIEF FROM JUDGMENT - 5
(CV-06-00149-RSM)

3046429.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1  restitution in connection with his criminal conviction; and (2) Ms. Kim divorced Defendant

2  Sung (Lawrence) Hong under terms which recognized that only Defendant Sung (Lawrence)

3  Hong is properly liable for all restitution ordered in either civil or criminal proceedings.

4       For all of these reasons, the Court should grant Ms. Kim relief from judgment pursuant

5  to Rule 60(a) and/or Rule 60(b) and should correct the judgment to reflect that it was entered

6  only as against Defendant Sung (Lawrence) Hong.

7       DATED this 1st day of February, 2011.

8                     s/Mark S. Davidson

9                     Mark S. Davidson, WSBA #06430
   Michael I. White, WSBA #35409

10                    Attorneys for Defendant Young Ran Kim,
   formerly known as Young Hong

11                    WILLIAMS, KASTNER & GIBBS PLLC
   601 Union Street, Suite 4100

12                    Seattle, WA  98101-2380
   Telephone:  (206) 628-6600

13                    Fax:  (206) 628-6611
   Email:  mdavidson@williamskastner.com

14                           mwhite@williamskastner.com

15

16

17

18

19

20

21

22

23

24

25

YOUNG RAN KIM'S, F/K/A YOUNG HONG, MOTION FOR
RELIEF FROM JUDGMENT - 6
(CV-06-00149-RSM)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3046429.1

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February, 2011, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, and a copy of which was

delivered via U.S. Mail to the following:

Wayne Seminoff
PO Box 956
Kirkland, WA  98083
*Plaintiff Pro Se*

DATED this 1st day of February, 2011.

s/Mark S. Davidson
Mark S. Davidson, WSBA #06430
Michael I. White, WSBA #35409
Attorneys for Defendant Young Ran Kim,
formerly known as Young Hong
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA  98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
Email:  mdavidson@williamskastner.com
        mwhite@williamskastner.com

YOUNG RAN KIM'S, F/K/A YOUNG HONG, MOTION FOR
RELIEF FROM JUDGMENT - 7
(CV-06-00149-RSM)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3046429.1